UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,          No. 15-cr-70 (ADM/LIB)

    Plaintiff,

v.                                   **ORDER**

Caleb Stuart Lofald,

    Defendant.

---

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the parties' pretrial motions. The Court held a motion hearing on April 28, 2015, at which time Caleb Stuart Lofald ("Defendant") appeared personally, and by his attorneys, Paul C. Engh and Richard S. Gondik, Jr. The Government appeared by Carol M. Kayser, Assistant United States Attorney.

At the motions hearing, the Court stated that it will take Defendant's Motion to Suppress Searches and Seizures, [Docket No. 20], and Defendant's Motion to Suppress Statements, [Docket No. 21], under advisement upon the submission of the parties' supplemental briefing regarding those motions.[1] The Court will address those motions in a separate Report and Recommendation.

The Court addresses the parties' discovery motions as follows:

---

[1] At the motion hearing, counsel for Defendant indicated that Defendant intended to order a transcript of the motions hearing to assist in preparing Defendant's supplemental briefing on the motions to suppress. The Court directed Defendant to submit his supplemental brief within seven days of receipt of the transcript, and directed the Government to submit its supplemental brief within seven days after Defendant submits his supplemental brief, and that the Court would take the motion to suppress under advisement upon receipt of the Government's supplemental brief.

1

I.     **Government's Motion for Discovery [Docket No. 7]**

The Government seeks discovery pursuant to Rules 16(b), 12.1, 12.2, 12.3, and 26.2 of the Federal Rules of Criminal Procedure, and Rules 702, 703, and 705 of the Federal Rules of Evidence. (See Government's Motion for Discovery [Docket No. 7]).

A.  **Inspection and Copying Pursuant to Rule 16(b)**

1.  **Documents and Tangible Objects**

The Government requests that the Court order Defendant to permit inspection and copying of all books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

Defendant did not object to the request. The motion is granted, and Defendant shall disclose any such responsive materials no later than fourteen (14) days before trial.

2.  **Reports of Examinations and Tests**

The Government requests all results and reports of physical or mental examinations and of scientific tests or experiments made in connection with the above captioned matter, or copies thereof, within the possession or control of Defendant, which Defendant intends to introduce as evidence in his case-in-chief at trial or which were prepared by a witness whom Defendant intends to call at trial.

Defendant did not object to the request. The motion is granted, and Defendant shall disclose any such responsive materials no later than fourteen (14) days before trial.

3.  **Expert Testimony**

The Government also seeks a written summary of expert testimony Defendant intends to use under Rule 702, 703, and 705 of the Federal Rules of Evidence as evidence at trial. The

summary must describe the opinions of the expert witnesses, the bases and reasons therefore, and the witnesses' qualifications.

Defendant did not object to the request. The motion is granted, and Defendant shall disclose any such responsive materials for experts he intends to call in his case-in-chief at trial no later than fourteen (14) days before trial.

### B. Notice of Alibi Defense

Pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, the Government seeks an order from the Court requiring Defendant, if he intends to claim alibi as a defense, to state the specific place or places at which Defendant claims to have been at the time of the alleged offenses in the above captioned matter and the names and addresses of the witnesses upon whom Defendant intends to rely to establish such alibi.

Defendant did not object to this request. The motion is granted, and Defendant shall give notice of same pursuant to Fed. R. Crim. P. 12.1 as soon as practicable and in no event later than twenty-one (21) days before trial.

### C. Notice of Insanity/Mental Illness Defense

In addition, pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure, the Government requests the Court to order Defendant, if he intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of Defendant relevant to the issue of guilt, to provide the Government notice of such defense.

Defendant did not object to this request. The motion is granted, and Defendant shall give notice of same pursuant to Fed. R. Crim. P. 12.2 as soon as practicable and in no event later than twenty-one (21) days before trial.

**D. Notice of Public Authority Defense**

Furthermore, pursuant to Rule 12.3 of the Federal Rules of Criminal Procedure, the Government seeks an order from the Court requiring the Defendant, if he intends to rely upon the defense of actual or believed exercise of public authority, to notify the Government of the agency involved, the agency member on whose behalf Defendant claims to have acted, and the time during which Defendant claims to have acted with public authority.

Defendant did not object to this request. The motion is granted, and Defendant shall give notice of same pursuant to Fed. R. Crim. P. 12.3 as soon as practicable and in no event later than twenty-one (21) days before trial.

**E. Witness Statements**

The Government seeks all statements within Defendant's possession or control of any witness that Defendant intends to call in connection with a suppression hearing, detention hearing, trial, or sentencing.

To the extent Defendant has statements in his possession or control of any witness that he intends to call to testify in connection with a suppression hearing, detention hearing, trial, or sentencing, Defendant shall disclose such statements to the Government no later than three (3) days before such witness is called to testify.

**II.     Defendant's Motion for Discovery and Inspection [Docket No. 16]**

Defendant seeks disclosure of any written, recorded, or oral statements made by Defendant or copies thereof in the possession, custody, or control of the Government; the substance of any oral statements made by the Defendant, whether before or after arrest, which the Government intends to offer in evidence at the trial; and a copy of Defendant's prior criminal

record which is known, or by the exercise of due diligence may become known to the Government. (See [Docket No. 16].)

Furthermore, Defendant requests permission to inspect and/or copy books, papers, documents, photographs, and tangible objects in the possession, custody, or control of the Government and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belonged to the Defendant. Defendant also requests permission to inspect and copy the results of any physical or mental examinations or scientific tests or experiments, or computer forensic examinations, including but not limited to fingerprint, blood, tissue, fluid, or chemical analyses.

Pursuant to Rule 12(b)(3)(E) and 16(a)(1)(g), Defendant requests written summaries of any expert opinion the Government intends to use in its case in chief, including expert witnesses' qualifications and opinions, and the bases for those opinions. (See [Docket No. 16].)

In its responsive memorandum and at the hearing, the Government represented that it had already produced all Rule 16 responsive materials and information presently in its possession and control, including any written, recorded, or oral statements made by Defendant. Furthermore, the Government acknowledged its ongoing duty to disclose any subsequently acquired responsive materials or information. With regard to Defendant's request for the summaries of expert opinions that the Government intends to use in its case in chief, the Government indicated that it had not yet decided whether it would offer expert witness opinion testimony at trial.

Counsel for Defendant stated orally on the record at the motion hearing that Defendant was satisfied with the responsive Rule 16 materials produced by the Government.

The motion is granted as to any subsequently acquired responsive materials or information, which shall be disclosed to the defense as soon as practicable and in no event later than fourteen (14) days before trial, except with respect to expert disclosures, which shall be made as soon as practicable and in no event later than twenty-one (21) days before trial.

### III. Defendant's Motion to Compel Attorney for the Government to Disclose Favorable Evidence [Docket No. 17]

Defendant seeks disclosure of evidence favorable to him which would fall within the authority of Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny. (See Def.'s Motion to Compel Disclosure of Evidence Favorable to Defendant [Docket No. 17]).

In its response, the Government acknowledged its duty to disclose responsive materials and information. The Government also represented that it will disclose evidence favorable to the Defendant within its possession and will comply with its obligations under Brady, Giglio, and their progeny.

In addition to the general request for the disclosure of evidence favorable to him, Defendant's motion specifically seeks disclosure of the number of warrants filed within the past two years containing the text of paragraphs A through R of the two search warrants at issue in the present case. (See Def.'s Motion to Compel Disclosure of Evidence Favorable to Defendant [Docket No. 17], 1). At the motions hearing, counsel for the Government orally represented on the record that no warrants had been filed within the past two years that contained the text of paragraphs A through R of the warrants at issue in the present case. To the extent Defendant's motion seeks the disclosure of evidence of other previously issued warrants containing the text of paragraphs A through R of the warrants at issue in the present case, the motion is denied as moot.

Defendant also specifically seeks disclosure of evidence that someone other than Defendant accessed the websites listed in the two search warrants in the present case and downloaded data from those websites. (See Id. at 1-2). In its response, the Government represented that it does not have any evidence that someone other than Defendant downloaded the child pornography at issue in the present case. To the extent that Defendant's motion seeks the disclosure of evidence that someone other than Defendant accessed websites listed in the two search warrants at issue in the present case and downloaded data from those websites, the motion is denied as moot.

Defendant further seeks the disclosure of evidence of law enforcement funding and grants targeting child pornography that provided investigators with a financial incentive to pursue the crimes alleged in the present case. (See Id. at 2). At the motions hearing, counsel for the Government orally represented that the task force investigating Defendant's alleged activities has not received law enforcement funding or grants targeting child pornography since 2013 and that the investigation regarding Defendant did not begin until September of 2014. To the extent that the motion seeks the production of evidence of law enforcement funding and grants that targeted child pornography, the motion is denied as moot.[2]

To the extent that Defendant's motion seeks the disclosure of all other responsive materials that would fall under the authority of Brady, Giglio, and their progeny, the motion is granted. The Government is required to disclose any remaining or later-discovered responsive material to Defendant as soon as practicable and in no event later than fourteen (14) days before trial.

---

[2] The Court notes that Defendant has provided no argument that evidence of the types of funding he seeks would be exculpatory. In any event, Defendant's request for such evidence in the present case is moot as, according to the Government's representation on the record at the motions hearing, there was no funding in place targeting internet crimes relating to child pornography at the time of the investigation in this case.

### IV.     Defendant's Motion for Disclosure of 404(b) Evidence [Docket No. 18]

Defendant seeks disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Federal Rule of Evidence 404(b). (See Def.'s Motion for Disclosure of 404(b) Evidence [Docket No. 17]).

At the hearing, the Government acknowledged its obligation to comply with Rule 404(b) and asked that the Court order the production of responsive materials no later than fourteen (14) days before trial. Defendant did not object to disclosure fourteen (14) days before trial.

The motion is granted. The Court orders the Government to disclose to the Defense as soon as practicable, and in no event later than fourteen (14) days before trial, the specific 404(b) evidence, if any, it intends to offer into evidence at trial.

### V.     Defendant's Motion for Disclosure of Jencks Act Material [Docket No. 19]

Defendant moves the Court to order the Government to disclose Jencks Act materials at least two weeks before trial. (See Def.'s Motion for Disclosure of Jencks Act Material [Docket No. 19]).

The Government objects to the motion, as the Government may not be required to make pretrial disclosure of Jencks Act materials. The motion is denied.[3]

---

[3] The Court recognizes the practical effect that disclosing Jencks Act material only after a witness has actually testified in the Government's case in chief creates the prospect for unnecessary continuances and delays in the trial while the Defense is permitted a reasonable time to review the late disclosures. However, Defendant provides no citation to authority which would allow the Court to require early disclosure of Jencks Act materials. Generally, the case law provides that the Court may not require the Government to make early disclosure of Jencks Act material. United States v. Alexander, 736 F. Supp. 968, 981 (D. Minn 1990); United States v. White, 750 F.2d 726, 727 (8th Cir. 1984); United States v. Wilson, 102 F.3d 968, 971-72 (8th Cir. 1996).

The Government represented in its briefing and on the record at the motion hearing that it would voluntarily agree to a reciprocal exchange of such materials no later than three (3) business days before trial. Counsel for Defendant represented on the record at the motion hearing that Defendant would agree to a reciprocal exchange of Jencks Act materials no later than five (5) days before trial. The Court encourages the parties to continue their informal discussions regarding the possibility of reaching a reciprocal arrangement for the exchange of such materials.

**NOW THEREFORE, It is** –

**ORDERED:**

1. That the Government's Motion for Discovery, [Docket No. 7], is **GRANTED** as set forth above;

2. That Defendant's Motion for Discovery and Inspection, [Docket No. 16], is **GRANTED** as set forth above;

3. That Defendant's Motion to Compel Attorney for the Government to Disclose Favorable Evidence, [Docket No. 17], is **GRANTED in part** and **DENIED in part,** as set forth above;

4. That Defendant's Motion for Disclosure of 404(b) Evidence, [Docket No. 18], is **GRANTED** as set forth above; and,

5. That Defendant's Motion for Disclosure of Jencks Act Material, [Docket No. 19], is **DENIED**, as set forth above.

Dated: April 30, 2015                                              s/Leo I. Brisbois
                                                                              Leo I. Brisbois
                                                                              U.S. Magistrate Judge